IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROBERT C. TURNER                                                                    PLAINTIFF

v.                                               Case No. 4:21-cv-04005

VANESSA WEEKS, Probation Officer,
Arkansas Probation and Parole                                                        DEFENDANT

## ORDER

This is a civil rights action filed by Plaintiff Robert C. Turner pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA").  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## BACKGROUND

Plaintiff is currently an inmate in the Nevada County Detention Center in Prescott, Arkansas.  He filed his original complaint on January 28, 2021.  (ECF No. 1).  His application to proceed *in forma pauperis* was granted that same day.  (ECF No. 3).  Responding to this Court's order, Plaintiff filed an Amended Complaint to clarify his claims on February 11, 2021.  (ECF No. 6).  Plaintiff states that at the time of the alleged incidents he was "in jail for…warrant and parole violation (alcohol/controlled substances and law)".  *Id.* at p. 3. When asked to provide the date of his conviction or probation or parole revocation he states "December 16, 2020." *Id.*

Plaintiff names Vanessa Weeks, his parole officer, as the only Defendant in the Amended Complaint.  (ECF No. 6, p. 2).  Plaintiff asserts one claim and is suing Defendant in her individual and official capacities.  He is seeking compensatory and punitive damages.  *Id.* at p. 7.

Plaintiff describes Claim One as a "Violation of Constitutional rights." (ECF No. 6, p. 4). He alleges that on December 16, 2020, "Due to my constitutional rights, and rights as a parolee they were both violated and I was unlawfully revoked on my parole without probable cause (Morsel v. Brewer) states they have to have factual evidence." *Id.*

## APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, *pro se* plaintiff must allege specific facts sufficient to support a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## DISCUSSION

As set forth above, Plaintiff alleges that on December 16, 2020, his constitutional rights were violated when he "was unlawfully revoked on [his] parole without probable cause . . . they have to have factual evidence." (ECF No. 6, p. 4). Plaintiff is barred from bringing these claims until his conviction is invalidated by the highest state court or a federal *habeas* proceeding. *See*

*Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).  *Heck v. Humphrey* held that a state prisoner cannot use §1983 to pursue redress for a violation of their rights if success would invalidate their confinement.  512 U.S. at 486-87.  In other words, Plaintiff cannot seek relief pursuant to § 1983 which would undermine or potentially invalidate his criminal charges, conviction, and subsequent confinement.  *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement). If his claims were successful, Plaintiff could potentially have his parole reinstated and his confinement ended. However, Plaintiff has not provided any evidence that his conviction has been invalidated by the highest state court or in a federal *habeas* proceeding. Accordingly, Plaintiff's claim against Defendant Weeks is barred by *Heck v. Humphrey* and must be dismissed.

In addition, it is well settled that inmates do not have a constitutionally protected liberty interest in the possibility of parole or probation as required for a due process claim.  *See Hamilton v. Brownlee,* 237 F. Appx. 114 (8th Cir. 2007).  In *Hamilton,* the court held "Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions . . . ."  *Id.* at 115.  Absent a protectable liberty interest, due process protections are not implicated.  *Senty-Haugen v. Goodno,* 462 F.3d 876, 886 (8th Cir. 2006) (first question in procedural due process claim is whether plaintiff has been deprived of protected liberty or property interest).

Also, Plaintiff identifies Defendant Weeks as his parole officer, which makes her immune from suit.  "[T]he extent of immunity accorded an official depends solely on the official's function." *Figg v. Russell*, 433 F.3d 593 (8th Cir. 2006) (citing *Nelson v. Balazic,* 802 F.2d 1077, 1078 (8th Cir. 1986)).   The Eighth Circuit has found parole officers to be entitled to either absolute or qualified immunity depending on the function at issue.  *Id.* at 1078-79 (finding parole officer

entitled only to qualified immunity because the officer's decision not to take a parolee into custody was not a quasi-judicial function or prosecutorial decision and that the decision was akin to function of police officer); *Anton v. Getty,* 78 F.3d 393 (8th Cir. 1996) (finding parole officers entitled to absolute immunity where they made recommendations to parole board that parole be delayed, similar to quasi-judicial function performed by parole officers preparing presentence reports).  Based on Plaintiff's allegations, the Court finds that Defendant Weeks is entitled to either absolute immunity or qualified immunity.

Accordingly, Plaintiff's Claim against Defendant Weeks cannot proceed.

## CONCLUSION

For the reasons stated above, Plaintiff's claim against Defendant Weeks is **DISMISSED WITH PREJUDICE**.

**This dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g).  The Clerk is DIRECTED to place a § 1915 strike flag on the case.**

**IT IS SO ORDERED**, this 26th day of February 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

4